PAR 08.29.25



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

FILED ✓   ___ ENTERED
___ LOGGED   ___ RECEIVED

10:54 am, September 05
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____CB_____ Deputy

Paul E. Budlow
Assistant United States Attorney
Paul.Budlow@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4917
MAIN: 410-209-4800
FAX: 410-962-3091

August 29, 2025

Anjali Biala, Assistant Federal Public Defender
Federal Public Defender's Office
Northern Division
Tower II, Ninth Floor
100 South Charles Street
Baltimore, MD 21201-2705

    Re:    *United States v. Dalonte Ray Jones,*
              Case No. BAH-25-032

Dear Counsel:

    This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Dalonte Ray Jones (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by September 5, 2025, it will be deemed withdrawn. The terms of the Agreement are as follows:

<h3 style="text-align:center">Offenses of Conviction</h3>

    1.    The Defendant agrees to plead guilty to Counts One of the Indictment, charging the defendant with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

<h3 style="text-align:center">Elements of the Offense</h3>

    2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the date specified in the Indictment, in the District of Maryland, the Defendant,

a. The Defendant knowingly possessed a firearm and ammunition, as those terms are defined in 18 U.S.C. § 921(a);

b. The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, his civil rights had not been restored, and he had knowledge of this status; and

c. The firearm and ammunition affected interstate commerce.

### Penalties

3. The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

| COUNT | STATUTE | MAXIMUM IMPRISONMENT | MAXIMUM SUPERVISED RELEASE | MAXIMUM FINE | SPECIAL ASSESSMENT |
|---|---|---|---|---|---|
| 1 | 18 U.S.C. §922(g)(1) | 15 years | 3y | $250,000 | $100 |

a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664 and § 2259(b)(2)(b).

d. Special Assessments: The Court must order the Defendant to pay a special assessment pursuant to 18 U.S.C. § 3013 and may order additional special assessments for certain convictions pursuant to 18 U.S.C. §§ 3014 and 2259A.

e. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

f. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

Rev. August 2018

g.      Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

<u>Waiver of Rights</u>

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of

Rev. August 2018

evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

  5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

  6. This Office and the Defendant understand, agree, and stipulate to the Stipulation of Facts set forth in Attachment A, which this Office would prove beyond a reasonable doubt, and is incorporated by reference herein.

  7. This Office and the Defendant agree to the following Sentencing Guidelines:

4

a. Pursuant to U.S.S.G. § 2K2.1(a)(4)(B)(i)(I), the base offense level for felon in possession of a firearm or ammunition where the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine is 20.

b. Pursuant to U.S.S.G. § 2K2.1(b)(4)(A), there is a two (2) level increase because the firearm was stolen. [Subtotal: 22].

8. This Office and the Defendant agree to the following facts and/or sentencing guidelines are in dispute:

a. Whether there should be an increase of four (4) levels pursuant to U.S.S.G. §2K2.1(b)(6), because the defendant possessed the firearm in connection with another felony offense. [Subtotal: 26 (Government) or 22 (Defense)].

9. This Office does not oppose a two (2) level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one (1) level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way. [Total: 23 (Government) or 19 (Defense)].

10. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

11. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Obligations of the Parties

12. At the time of sentencing, this Office agrees to recommend a sentence of 5 years' imprisonment. This Office and the Defendant reserve the right to advocate for a reasonable period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a).

Rev. August 2018

13. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

14. The parties reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment.

## Waiver of Appeal

15. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

   b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

16. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

17. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute firearms and ammunition involved in or used in a knowing violation of subsection (g) of 18 U.S.C. § 922, including

   a. 9mm Glock 17 semi-automatic handgun, bearing serial number BSVW118;

    b. approximately twenty (20) rounds of 9mm ammunition; and

    c. an extended magazine with the capacity to hold approximately forty-five (45) rounds of 9mm ammunition.

18. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

19. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

20. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Defendant's Conduct Prior to Sentencing and Breach

21. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

22. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement

will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

23.     The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power under Rule 11(c)(5) to reject the plea agreement entered into under Rule 11(c)(1)(C). Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to whether the Court will accept the plea agreement entered into under Rule 11(c)(1)(C). The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

24.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Kelly O. Hayes
United States Attorney

*/s/ Paul E. Budlow*

Paul E. Budlow
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

09/12/25
Date

_____
Dalonte Ray Jones

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

09/02/2025
Date

_____
Anjali Biala, Esq.

Rev. August 2018

## Attachment A

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Dalonte Ray Jones ("Jones"), age 21, is a resident of Annapolis, Maryland. As detailed below, Jones possessed a loaded firearm and ammunition after having been previously convicted of crimes punishable by imprisonment exceeding one year.

On November 11, 2024, investigators obtained a search warrant for Jones' apartment. Jones' loaded firearm was located inside the table next to the bed in Jones' bedroom.

The firearm was a Glock 17 semi-automatic handgun, with an extended magazine attached. The extended magazine was capable of holding 45 rounds of ammunition. At the time it was seized from Jones' bedside table, the firearm was loaded with 17 live rounds. Below are photographs of the firearm at the time of its seizure on November 11, 2024:

 

The firearm seized from Jones' bedside table was manufactured in Austria. The firearm was lawfully owned and possessed by a security guard who worked at iGlobal Protective Services in Prince George's County. Between April 18, 2023 and April 22, 2023, the firearm was stolen from the security guard's vehicle.

The grip of the firearm was swabbed and later tested for the presence of DNA. Jones' DNA, along with the DNA of three other individuals, was on the firearm.

Jones' iPhone was seized by investigators and searched pursuant to a warrant. Investigators located numerous videos of Jones holding a variety of firearms, including the firearm seized from his bedroom on November 11, 2024. As an example, a video with a modified date of September 12, 2024 depicts Jones holding two handguns with extended magazines and attached lights, and a long gun behind Jones. A still image from that video is below:

1



The parties stipulate that the 9mm Glock model 17 semi-automatic handgun, bearing serial number BSVW118 was manufactured in Austria and meets the definition of firearm in 18 U.S.C. § 921(a)(3), and the twenty (20) unfired 9mm caliber cartridges of ammunition meets the definition of ammunition in 18 U.S.C. § 921(a)(17)(A). The parties further stipulate that both the firearm and the ammunition affected interstate commerce prior to their recovery on November 11, 2024, as they were not manufactured in the State of Maryland.

On November 11, 2024, when the defendant was in possession of the above-described firearm and ammunition, the defendant was aware that he was prohibited from possessing any firearm or ammunition because prior to November 11, 2024, the defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year, and his civil rights had not been restored following that conviction. The defendant's prior convictions are as follows:

- On January 13, 2023, Jones was convicted of second-degree assault, an offense with a maximum penalty of 10 years, and was sentenced to 30 days' incarceration, under Case No. D-07-CR-22-004379, in the District Court of Anne Arundel County. The offense occurred on October 21, 2022; and

- On April 5, 2023, Jones was convicted of second-degree assault, an offense with a maximum penalty of 10 years, and was sentenced to 10 years' incarceration with all but 116 days' suspended, and 5 years' supervised probation, under Case No. C-02-CR-22-001747, in the Circuit Court of Anne Arundel County. The offense occurred on November 11, 2022.

2

Rev. August 2018

Thus, on November 11, 2024 when he possessed a firearm and ammunition, Jones was prohibited from possessing firearms and ammunition and knew that he was convicted of a crime punishable by more than one year in prison.

All of the events described above occurred in the District of Maryland.

I have reviewed the foregoing Statement of Facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as a part of my plea agreement with the government in this case.

_____
Dalonte Ray Jones

I am the attorney for the defendant. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is an informed and voluntary one.

_____
Anjali Biala, Esq.
Counsel for Defendant

3